**IT IS HEREBY ORDERED** that defendant's motion to dismiss is **GRANTED.**

Mariann **COLLINS**, Plaintiff,

v.

**CENTRAL STATES**, Defendant.

No. 8:CV91–00463.

United States District Court,
D. Nebraska.

Feb. 3, 1993.

Duncan Young, Young & White, Omaha, NE, for plaintiff.

Francis J. Carey, Rosemont, IL, for defendant.

## MEMORANDUM AND ORDER

CAMBRIDGE, District Judge.

THIS MATTER is before the Court on the defendant's alternative motions to dismiss for lack of subject matter jurisdiction (Filing No. 21) and for summary judgment (Filing No. 22). Also pending is the plaintiff's objection (Filing No. 28) to paragraphs 9 and 10 of the affidavit of Albert E. Nelson, offered in support of the defendant's motion for summary judgment.

As further explained below, the motion for dismissal will be denied, the plaintiff's objection overruled, and the motion for summary judgment granted.

This is an action brought pursuant to the Employee Retirement Income Security Program ("ERISA", 29 U.S.C. §§ 1001 *et seq.*) This Court's jurisdiction is predicated upon 29 U.S.C. § 1132(a)(1)(B). The plaintiff, as personal representative of her late husband, Richard Collins, seeks to recover health care benefits she claims should have been paid for his medical care during the final months of his terminal illness. The defendant, Central States, Southeast And Southwest Areas Health and Welfare Fund (hereinafter "Central States" or "defendant") has denied the claims on grounds that the trustees of the benefit plan appropriately determined that the late husband was not eligible for benefits under terms of the trust agreement. At issue is whether Richard Collin's employment relationship with Local 554 of the Teamster's Union ("Local 554") was such as to qualify him as an employee of the Union for purposes of the health benefits plan.

Richard Collins had served, from 1972 until his death in 1990, as the executive secretary of the ProLaw Association ("ProLaw"), an organization founded by the Teamsters and two other unions, the Laborers Union and the Union of Operating Engineers. ProLaw's purpose, as set forth in its constitution and by-laws, was to promote union activity, to lobby on behalf of union interests, and to educate workers. The record reflects that Mr. Collins was compensated by the Teamsters, which then billed the other two Unions for a share of those payments.

Mr. Collins, however, described himself as "self-employed" in his tax returns, and the Teamsters made no withholding from his compensation. He reported his own business expenses and reported an office distinct from that of the Teamsters. He in fact maintained an office, telephone and stationery separate from that of the Teamsters.

The record also reflects that over the years Mr. Collins had previously made claims for, and recovered for, health benefits under the plan now at issue. He did not, however, receive any pension coverage.

## I. MOTION TO DISMISS

The motion to dismiss will be denied. Central States asserts that this Court is without subject matter jurisdiction because Richard Collins was not an employee of Teamsters Local 554 as that term is used in

ERISA. The central assertion in Central States' alternative motion for summary judgment is that the plan Trustees acted neither arbitrarily nor capriciously when they determined that Richard Collins was not an employee as that term was construed in the pension plan. In either case, his status as an employee is pivotal. Unless the two definitions are entirely independent, the motion for dismissal would be superseded by the motion for summary judgment. "If ... a decision of the jurisdictional issue requires a ruling on the merits of the case, the decision should await a determination of the merits either by the court on a summary judgment motion, or by the fact finder at trial." 5A Wright and Miller, *Federal Practice & Procedure* § 1350 (1990). *See, e.g., Sierra Club v. Shell Oil Co.,* 817 F.2d 1169 (5th Cir.1987) (when plaintiff fails to establish fact central to both subject matter jurisdiction and to merits, proper resolution is through summary judgment rather than 12(b)(1) motion).

■ That is the situation here. The defendant premises its 12(b)(1) motion upon ERISA's definition of an employee. That definition, as set forth at 29 U.S.C. § 1002(6), provides that an " 'employee' means any individual employed by an employer." As the United States Supreme Court recently observed, this definition "is completely circular and explains nothing", necessitating application of common law tests to determine what constitutes an employee. *Nationwide Mutual Insurance Co. v. Darden,* — U.S. —, —— ——, 112 S.Ct. 1344, 1346, 117 L.Ed.2d 581, 589–90 (1992). Because those same tests would be utilized in resolving Central State's motion for summary judgment, this Court will deny the motion to dismiss and turn to the motion for summary judgment.

## II. OBJECTION TO AFFIDAVIT

■ The plaintiff objects to certain portions of the deposition of Albert E. Nelson, offered by the defendant in support of its motion for summary judgment. The paragraphs to which the plaintiff objects read, in relevant part:

9. The Central States Health and Welfare Trust was established to provide medical, dental, vision and life insurance benefits for employees who work under the terms of union collective bargaining agreements in the Teamster Industry in the Midwestern, Southeastern and Southern sections of the United States.... The fund also covers employees of the Teamster Unions.

10. Employees become participants of the Central States, Southeast, and Southwest Areas Health and Welfare fund when their employer, pursuant to the terms of a collective bargaining agreement, makes contributions on their behalf to Central States for their benefit so that they and their dependents become eligible for medical coverage. Union "Employees" can also be participants.

(Filing No. 24 at 2–3).

The plaintiff asserts that these paragraphs misconstrue the terms of the trust document by purporting to limit eligible employees to those working under terms of collective bargaining agreements in the Teamster industries. The Court notes that Paragraph 9 provides that "[t]he fund also covers employees of the Teamsters Union" and, accordingly, does not read these paragraphs as providing for the limitation of which the plaintiff complains. For that reason the objection will be overruled.

## III. MOTION FOR SUMMARY JUDGMENT

■ Summary judgment is appropriate when there is no genuine issue of material fact and the moving party should prevail as a matter of law. F.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Upon review of a motion for summary judgment, this Court must give the party opposing the motion the benefit of all favorable factual inferences. *Holloway v. Lockhart,* 813 F.2d 874, 878 (8th Cir.1987).

However, Rule 56(e) also provides that

[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse

party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

"[T]he plain language of Rule 56(e) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element which is essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In her complaint, the plaintiff has challenged a decision by the Trustees of the benefits plan by which they determined that her late husband was not an employee under the Plan.

The Supreme Court has held that a challenge to denial of benefits under ERISA is to be reviewed under an arbitrary and capricious standard where the benefit plan expressly provides the plan administrator with discretionary authority to make such determinations. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989). The benefits plan in this case does provide such authority. See the Affidavit of Albert E. Nelson (Filing No. 24), Exhibit "A", "Revised and Amended Trust Agreement for Central States, Southeast and Southwest Areas Health and Welfare Fund", Section 17:

The Trustees, by majority action, shall have the power to construe the provisions of this Agreement and the terms and regulations of the Health and Welfare Plan; and any construction adopted by the Trustees in good faith shall be binding upon the Union, Employees and Employers.

When reviewing a denial of pension plan benefits under the arbitrary and capricious standard, "a reviewing court must determine whether the Trustee's [sic] decision is supported by substantial evidence and, if so, whether they have made an erroneous decision on a question of law." *Short v. Central States, Southeast and Southwest Areas Pension Fund*, 729 F.2d 567, 571 (8th Cir.1984).

■ The defendant has presented evidence showing that the Trustees had before them, and considered, substantial evidence arriving at their determination that Richard Collins was not an employee under terms of the Agreement. It therefore became the burden of the plaintiff to come forward with evidence discrediting or discounting the defendant, or with evidence that might in some other way permit the Court to find that the finder of fact could conclude that the Trustees' determination was arbitrary or capricious. *Celotex, supra; Shiffler v. Equitable Life Assur. Soc.*, 838 F.2d 78, 83 (3d Cir. 1988) (holding that to "oppose defendants' motion successfully [plaintiff] must demonstrate that the evidence raises a genuine factual issue as to whether she was so clearly entitled to the benefits she sought that the denial was 'clear error' or 'not rational' ").

■ The plaintiff has not met this burden. Initially, in fact, she did not allege that the decision of the Trustees was arbitrary or capricious. *See Plaintiff's Answers to Interrogatories* (Filing No. 24, Exhibit "G"), Interrogatory No. 15:

[QUESTION]: Do you allege that the Central States Health and Welfare Fund Trustees acted arbitrarily and capriciously regarding any claim to medical benefits ...?

ANSWER: Plaintiff has re-reviewed the complaint and does not find any allegation of arbitrary and/or capricious action by the trustees; however, plaintiff does agree that the trustees ... acted without regard to the facts and circumstances surrounding Richard E. Collins' claim for benefits.

At most the plaintiff has offered evidence that the Trustees considered potentially conflicting evidence in reaching their decision. That does not render their decision arbitrary or capricious. *Oldenburger v. Central States Southeast & Southwest, etc.*, 934 F.2d 171, 174 (8th Cir.1991).

The Court recognizes that determination of whether a given individual is an employee is a question of law to be determined according to common-law principles. *Short*, 729 F.2d at 571. It is on this point that the plaintiff argues most strenuously. However, in reviewing the decision of the Trustees, the Court is restricted to considering the evidence which was before the Trustees when the decision was made. *Id.* Having conducted such review, the Court finds no reason to hold that the decision by the Trustees was clearly erroneous or contrary to law, and, again, no evidence that their determination was arbitrary or capricious. The Trustees had before them some 43 pages of exhibits, including letters by his attorney, arguing the relevant law. "When the decisionmaker makes an effort to decide according to the evidence and the legal rules, the result satisfies [the arbitrary or capricious test] whether or not the decision is the one a court would have made." *Pokratz v. Jones Dairy Farm*, 771 F.2d 206, 208–209 (7th Cir.1985).

For these reasons, the Court concludes that summary judgment is appropriate. Accordingly,

IT IS ORDERED that:

(1) The motion to dismiss (Filing No. 21) is denied;

(2) The plaintiff's objection (Filing No. 30) to the motion to dismiss is granted;

(3) The plaintiff's objection (Filing No. 28) is overruled;

(4) The motion for summary judgment (Filing No. 22) is granted;

(5) The plaintiff's objection (Filing No. 31) to the motion for summary judgment is denied;  and

(6) This action is dismissed.

An Entry of Judgment in accordance with this Memorandum will be entered this date.